## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

CARLOS BRIGGS,

                                Civil Action No. 13-12583

     Plaintiff,

v                              District Judge Robert H. Cleland
                              Magistrate Judge R. Steven Whalen

UNIVERSITY OF DETROIT
MERCY, et al,

     Defendants.

| | |
|---|---|
| Michael L. Stefani (P20938) | Donald B. Miller (P23419) |
| Frank J. Rivers (P62973) | Butzel Long, a professional corporation |
| Stefani & Stefani, Professional | 150 West Jefferson, Suite 100 |
| Corporation | Detroit, Michigan  48226 |
| 512 E. Eleven Mile Road | (313) 225-7020 |
| Royal Oak, MI 48067 | Attorneys for Defendants University of |
| (248) 544-3400 | Detroit Mercy and Keri Gaither |
| Attorneys for Plaintiff | |

Michael D. Weaver (P43985)
Plunkett Cooney, P.C.
38505 Woodward Ave., Ste. 2000
Bloomfield Hills, MI 48304
(248) 901-4025
Attorneys for Defendants Mort Meisner
and Mort Meisner Associates, Inc.

## STIPULATED PROTECTIVE ORDER REGARDING
## NON-PARTY STUDENT EDUCATION RECORDS AND INFORMATION

At a session of said Court held in
the City of Detroit, Michigan,
on__November 19, 2013
PRESENT: HON_ROBERT H. CLELAND
                  United States District Judge

The parties acknowledge that plaintiff has or will be subpoenaing records related to certain former University of Detroit Mercy ("UDM") student-athletes, and certain persons who applied to UDM but were not admitted;

The parties recognize that these individuals are not parties to this litigation and that the information being disclosed by UDM pursuant to the subpoenas may qualify as protected education records as defined in the Family Educational Rights and Privacy Act of 1974, 20 U.S.C.§1232g ("FERPA"). The right to privacy under FERPA belongs to the student.  Even where there is a court order or subpoena, defendant UDM is obligated to first make a reasonable effort to notify the student of the order or subpoena in advance of compliance so that the student may seek protective action. 34 C.F.R. §9931(a)(9)(ii).  This notification will be done by UDM as to the subpoenas received, by notifying the individuals by letter to their last known address and allowing them time to respond if they so wish.

All student educational records and information and documents containing information concerning former student-athletes or applicants are subject to this Protective Order.  If any of the information or documents are matters of public record or otherwise obtainable other than through the educational records, then such documents and information is not subject to this Protective Order.

In accordance with the stipulation of the parties hereto;

2

**IT IS ORDERED:**

Confidential student records, and the information contained therein, may be given, shown, disclosed, made available, or communicated only to:

(a)   Attorneys for the parties who have executed this Order or are working with such attorneys in their respective firms on this matter, and the paralegal, administrative, clerical and secretarial personnel assisting such attorneys for whom access to such material is necessary to perform their duties with respect to this case, provided that execution of this Order by any member of a law firm representing a party shall constitute a representation that all persons in or employed by that firm shall observe this Protective Order;

(b)   The parties, to whom the confidentiality provisions of this Order also apply.  The parties may testify, consistent with the rules of evidence, concerning the documents and information disclosed in the documents, and concerning events and circumstances concerning and surrounding those student-athletes and applicants and their records, as long as such testimony is reasonably related to the subject matter involved in this lawsuit;

(c)   Deposition witnesses and court reporters in the course of such depositions, provided that as to the court reporters and the witnesses -- if the witness is not a party to this litigation -- such disclosure can only be made after

execution of the attached Acknowledgement and pursuant to the terms of this Order.

(d)     Experts and consultants qualified for access as follows:   Before allowing an expert or consultant to gain access to the confidential student records or information contained therein, the disclosing counsel shall first require the expert or consultant to execute the Acknowledgement form attached hereto and provide him or her with a copy of this Order.   In the event the expert is to be utilized as an expert at trial or deposition, a copy of the signed undertaking shall be provided to opposing counsel, and otherwise any such executed form shall be provided to opposing counsel upon request.

(e)     The Court, in accordance with the terms of this Order, and if the Court finds any such document or the information contained therein admissible at trial and so orders, the jury.

All of these student records shall be maintained securely at the offices of the attorneys for the respective parties, in such a way as to allow access to those records only to those persons set forth above.

If a party intends to disclose a confidential student record or the information contained therein or reasonably related thereto in any public filing in any way that would reveal the individual's name, address, e-mail address, telephone number or

other personally-identifiable information concerning that individual, the party must seek permission from the Court.

In the event there is any inadvertent or unintended disclosure pursuant to discovery in this lawsuit of confidential student records or information contained therein or related thereto, it shall not be deemed a waiver in whole or in part of a subsequent claim of protected treatment under this Protective Order, either as to the specific information and/or documents disclosed or as to any other information and/or documents.  Notice of the inadvertent disclosure shall be made to the opposing counsel in a timely fashion upon learning of the disclosure.

Upon termination of this litigation, the originals and all copies of confidential student records, as well as any other materials containing such information, shall be turned over without demand to the party or non-party who produced such material, through its counsel, including any copies provided to any third parties.

Nothing in this Order or to the fact that a party has consented to entry of the Order constitutes an agreement to provide any confidential student record or information, or constitutes a determination as to the propriety or enforceability of any subpoena or discovery requests, constitutes a waiver of any objection to any subpoena or discovery request, or constitutes a determination as to the

discoverability or admissibility of any document or information.

                     ___S/Robert H. Cleland
                     U. S. DISTRICT JUDGE

I STIPULATE TO THE ENTRY OF
THE ABOVE ORDER:

/s/ Frank J. Rivers                        /s/  Donald B. Miller
Frank J. Rivers (P62973)            Donald B. Miller (P23419)
Stefani & Stefani, PC               Butzel Long, a professional corporation
512 E. Eleven Mile Road            150 West Jefferson, Suite 100
Royal Oak, MI 48067              Detroit, Michigan  48226
(248) 544-3400                     (313) 225-7020

/s/ Michael D. Weaver
Michael D. Weaver (P43985)
Plunkett Cooney, P.C.
38505 Woodward Ave., Ste. 2000
Bloomfield Hills, MI 48304
(248) 901-4025

## ACKNOWLEDGMENT OF READING AND
## <u>AGREEMENT TO BE BOUND BY PROTECTIVE ORDER</u>

1.      My full name is      _____

2.      My address is      _____

_____

3.      My present employer is   _____

_____

4.      My present occupation or job description is   _____

_____

5.      I have received a copy of the FERPA Protective Order in this action, *Carlos Briggs v. University of Detroit Mercy, et al.*, US District Court, Eastern District of Michigan, Case No. 13-12583.  I have carefully read and understand the provisions of the Protective Order.  I will comply with all of the provisions of the Protective Order.

6.      I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for purposes of this action, any confidential materials disclosed to me.

7.      I will return all confidential materials and all copies or documents containing any confidential materials which come into my possession, and documents or things which I have prepared relating thereto, to counsel for the party by whom I am employed or retained.

8.      I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this action.


Dated:_____            _____

                                                                  Signature