**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

CARLOS BRIGGS,

    Plaintiff,

v.                                                                                          Case No. 13-12583

UNIVERSITY OF DETROIT-MERCY, et al.,

    Defendants.
    _____/

**OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO AMEND COMPLAINT**

Pending before the court is Plaintiff Carlos Briggs's motion to amend his complaint to add a count for promissory estoppel and a count for tortious interference with contractual relations. Plaintiff filed his original complaint on January 29, 2013 in Wayne County Circuit Court. After Defendants University of Detroit Mercy (UDM), Plaintiff's former boss at UDM, Kerry Gaither, UDM's media consultant, Meisner Associates, Inc., and its President, Mort Meisner removed the case, this court set a discovery cutoff of January 31, 2014 and a dispositive motion cutoff of March 3, 2014. On August 28, 2013, the Meisner Defendants moved for summary judgment and, after the close of discovery, renewed their motion. Thereafter, on March 3, 2014, Defendants UDM and Gaither moved for summary judgment. On March 4, 2014, over a year from the filing of his original complaint, more than a month after the close of discovery, and after all Defendants moved for summary judgment, Plaintiff moved to amend his complaint. Defendants have responded, and a hearing is unnecessary. *See* E.D. Mich. LR 7.1(f)(2). For the following reasons, the court will deny Plaintiff's motion.

Rule 15 allows a plaintiff to amend a complaint "once as a matter of course" within twenty-one days of a defendant's Rule 12(b) motion. Fed. R. Civ. P. 15(a)(1)(B). Where, as is the case here, the time to amend pleadings as a matter of course has expired, a party may nonetheless amend its pleadings by leave of the court, and "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Leave should be freely given "[i]n the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Forman v. Davis*, 371 U.S. 178, 182 (1962). Whether an amendment is granted is subject to the district court's discretion. *Id.*

Although Rule 15(a) suggests that leave to amend should be freely given, "a party must act with due diligence if it intends to take advantage of the Rule's liberality." *United States v. Midwest Suspension & Brake*, 49 F.3d 1197, 2012 (6th Cir. 1995) (citing *Troxel Mfg. Co. v. Schwinn Bicycle Co.*, 489 F.2d 968 (6th Cir. 1973)). Moreover, in *Priddy v. Edelman*, the Sixth Circuit unambiguously stated: "A party is not entitled to wait until the discovery cutoff date has passed and a motion for summary judgment has been filed on the basis of claims asserted in the original complaint before introducing entirely different legal theories in an amended complaint." 883 F.2d 438, 446 (6th Cir. 1989); *see also Wade v. Knoxville Util. Bd.*, 259 F.3d 452, 459 (6th Cir. 2001) ("When amendment is sought at a late stage in the litigation, there is an increased burden to show justification for failing to move earlier.") (citing *Duggins v. Steak 'N Shake, Inc.*, 195 F.3d 828, 834 (6th Cir. 1999)). The Sixth Circuit has also stated that permitting a

party to add a claim to its pleading after discovery has ended and after dispositive motions have been filed causes a defendant significant prejudice. *See Wade*, 259 F.3d. at 459 (finding no abuse of discretion when district court found untimely motion to amend would cause significant prejudice when discovery had ended, the defendant had filed a summary judgment motion, and defendant would have to develop new defense); *Duggins*, 195 F.3d. at 834 ("At least one Sixth Circuit decision has held that allowing amendment after the close of discovery creates significant prejudice, and other Circuits agree.").

Plaintiff states that "discovery has revealed" a viable claim for promissory estoppel and, similarly, "discovery showed that" he may also have a claim for tortious interference with contractual relations. (Dkt. # 41, Pg. ID 863–64.) Yet Plaintiff waited until well after the close of discovery to move to amend his complaint. Moreover, he waited until after all Defendants had timely moved for summary judgement. Granting leave would likely require reopening discovery and another round of dispositive motions, thereby causing prejudice to Defendants and undue delay. *See Foreman*, 371 U.S. at 182.

This court regularly encourages parties to eliminate unsupportable or superfluous claims and defenses early, recognizing their Rule 15 authority to seek to add or reinstate later "freely . . . when justice so requires," but emphasizes that such shelter is provided "to a *diligent* party who only later acquires facts needed to properly state a related claim or an affirmative defense." *See* Dkt. # 7, Pg. ID 68 (emphasis added). Plaintiff's proposed new counts come too late to demonstrate diligence; Plaintiff cannot proceed without causing prejudice and undue delay. Accordingly,

3

IT IS ORDERED that Plaintiff's motion to amend the complaint [Dkt. # 41] is DENIED.

        s/Robert H. Cleland
        ROBERT H. CLELAND
        UNITED STATES DISTRICT JUDGE

Dated: May 27, 2014

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, May 27, 2014, by electronic and/or ordinary mail.

        s/Lisa Wagner
        Case Manager and Deputy Clerk
        (313) 234-5522